IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALAME M. AMR,

        Plaintiff,

v.                                    Civil Action No. 3:09cv667

EDDIE N. MOORE, JR., et al.,

        Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C.

§ 636(b)(1)(B) for a Report and Recommendation on a Motion to Dismiss filed by Defendant

American Society for Engineering Education ("ASEE"). (Docket No. 43.) Plaintiff Salame M.

Amr has responded. (Docket No. 58.) On June 11, 2010, the Court heard oral argument. The

matter is ripe for disposition. For the reasons stated below, the undersigned RECOMMENDS

that ASEE's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) be GRANTED.

### I. Factual and Procedural Background

ASEE moves to dismiss the Amended Complaint on the ground that the applicable statute

of limitations bars each of Amr's claims. (Mem. Supp. Mot. Dismiss 2.) (Docket No. 44.)

Because the instant Complaint presents issues raised in a previous lawsuit filed by Plaintiff

Salame M. Amr in this Court in 2007, however, *see Amr v. Virginia State Univ.*, No. 3:07cv628,

2009 WL 112829 (E.D. Va. Jan. 14, 2009), *cert. denied* 2010 WL 978774 (hereinafter "*Amr I*"),[1]

the Court begins its analysis of the instant Complaint with a discussion of *Amr I*.[2]

A.   *Amr I*

On October 15, 2007, Amr, formerly employed by Virginia State University ("VSU") as

an Assistant Professor in the School of Engineering, Science and Technology's Department of

Engineering and Technology, filed a Complaint in this Court alleging that defendants VSU,

Eddie N. Moore, Jr., Nasser Rashidi, Larry C. Brown, and Keith M. Williamson unlawfully

accused him of plagiarism and denied him tenure. *See Amr I.* Amr's Second Amended

Complaint asserted three causes of action against VSU, Rashidi, Brown, and Williamson:[3]

Count One alleged a Title VII violation, Count Two alleged a violation of 42 U.S.C. § 1981, and

Count Three alleged interference with his Fourteenth Amendment due process rights, in violation

of 42 U.S.C. § 1983. *Amr I*, 2009 WL 112829, at *2.

The factual predicate for these claims centered around Amr's contention that the

defendants had discriminated against him on the basis of race, national origin, and religion, and

that because of this animus, the defendants had wrongly circulated a forged paper bearing Amr's

name to make it appear as if Amr had plagiarized the paper. *See id.* at *3-6. As a result of the

plagiarism allegation, the defendants denied Amr tenure and offered him a term appointment. *Id.*

at *5 ("The University Promotion and Tenure Committee ('UPTC') ultimately recommended that

---

[1] During oral argument, Amr informed the Court that he has petitioned the Supreme
Court of the United States for a rehearing of its denial of his petition for *certiorari*.

[2] ASEE has not moved to dismiss on the ground that res judicata bars the instant action.

[3] The *Amr I* Second Amended Complaint failed to name Moore as a defendant.

Dr. Amr be denied tenure. The UPTC based this decision on a determination that, despite his otherwise positive professional service to VSU, Dr. Amr's scholarly research activities were unsatisfactory due to the substantiation of an allegation of academic misconduct by the [Scientific and Integrity Committee].") (internal citation omitted).

Specifically, in Count One, Amr alleged a Title VII violation resulting from "three specific areas of misconduct: (1) disparate pay; (2) unequal committee assignments and travel opportunities; and (3) false claims of plagiarism." *Id.* at *6. Count Two alleged a violation of 42 U.S.C. § 1981. *Id.* at *8. In Count Three, Amr alleged that Brown and Williamson were "liable to him under 42 U.S.C. § 1983 for depriving him of his Fourteenth Amendment right to due process by infringing upon his liberty interest in his good name and reputation in the context of his employment at VSU" because they requested that the Scientific and Integrity Committee ("SIC") investigate the alleged plagiarism. *Id.* at *8 (footnotes omitted).

The undersigned issued a Revised Report and Recommendation in *Amr I*, recommending that the Honorable Robert E. Payne grant Defendants' motion for summary judgment and dismiss the action because each of Amr's Title VII claims was barred by the statute of limitations, Amr's § 1981 claim could not proceed as a matter of law, and Amr had been afforded sufficient due process to rebut the allegation of plagiarism (but had failed to do so). *Id.* at *6-12. Judge Payne adopted the Revised Report and Recommendation for the reasons articulated in that report and dismissed the action with prejudice.[4] *Id.* at *1. The United States Court of Appeals for the

---

[4] After Judge Payne adopted the Revised Report and Recommendation, Amr noted his appeal to the United States Court of Appeals for the Fourth Circuit. He then moved the District Court for leave to file additional documents with the Court. Mot. to Update & Set the Record Straight, *Amr I*, No. 3:07cv628 (E.D. Va. filed Feb. 25, 2009). Amr sought to supplement the record before the Court on summary judgment to "present numerous undisputed facts before the

Fourth Circuit affirmed. *Amr v. Virginia State Univ.*, 331 F. App'x, 194 (4th Cir. 2009) (No. 09-1184), *available at* 2009 WL 2400275.

## B. The Instant Complaint: *Amr II*

On October 20, 2009, Amr filed a second Complaint in this Court ("*Amr II*"). In *Amr II*, the Amended Complaint alleges eight causes of action against Defendants Moore, Brown, Williamson, Rashidi, Burton, Crawford, Young, Mohamed, Hill, Mersie, Kanu, Wildeus, Evans, ASEE, AAUP, and the VSU Board of Directors.[5] Count One appears to lie against Defendants

---

[United States] Court of Appeals for the Fourth Circuit," including deposition transcripts and a "copy from the alleged plagiarized paper that the defendants had undeniably used to convict [Amr] of such a serious charge of plagiarism." Mem. Supp. Mot. to Update, *Amr I*, No. 3:07cv628, at 1-2 (E.D. Va. filed Feb. 25, 2009).

The Court denied the motion, finding that the documents with which Amr sought to supplement the record were "available to him at all relevant times during the proceedings before this Court." Mem. Op., *Amr I*, No. 3:07cv628, at 9 (E.D. Va. filed May 4, 2009), *available at* 2009 WL 1208203, at *3. Amr appealed this decision to the Fourth Circuit as well. Having already denied Amr's petition for appeal, however, the Fourth Circuit denied this appeal as moot. *Amr v. Virginia State Univ.*, 352 F. App'x 845, 846 (4th Cir. 2009) (No.09-1657), *available at* 2009 WL 3809642, at *1.

[5] Each of the individually named Defendants worked at VSU at the time these allegations arose. Moore served as the President of VSU. (Am. Compl. ¶ 11.) Brown served as Interim Dean of the School of Engineering, Science and Technology. (Am. Compl. ¶ 12.) Williamson served as Chair of the Department of Engineering and Technology. (Am. Compl. ¶ 13.) Rashidi served as Chair of the Department of Engineering and Technology. (Am. Compl. ¶ 14.) Burton served as President of AAUP. (Am. Compl. ¶ 15.) Crawford served as faculty representative to the VSU's Board of Visitors. (Am. Compl. ¶ 16.) Young served as Chair of the University Promotion and Tenure Committee at VSU. (Am. Compl. ¶ 17.) Mohamed served as Chair of the Department of Biology and the first Chair of the SIC. (Am. Compl. ¶ 18.) Hill served as Chair of the Department of Psychology and the second Chair of the SIC. (Am. Compl. ¶ 19.) Mersie served as a faculty member in the School of Agriculture and a member of the SIC. (Am. Compl. ¶ 20.) Kanu served as Chair of the Department of Health and Physical Education and a member of the SIC. (Am. Compl. ¶ 21.) Wildeus served as a faculty member in the School of Agriculture and a member of the SIC. (Am. Compl. ¶ 22.) Evans served as an Administrative Specialist and a member of the SIC. (Am. Compl. ¶ 23.)

Rashidi, Williamson, and Brown. (Am. Compl. ¶¶ 114-16.) Counts Two through Seven lie

against all Defendants. (Am. Compl. ¶¶118-45.) Count Eight lies against Defendants ASEE,

Rashidi, Williamson, and Brown. (Am. Compl. ¶¶ 146-53.) The Court restates the claims as

follows:

| | |
|---|---|
| Count One | Defendants violated 42 U.S.C. §§ 1981[6] and 1983[7] by discriminating against Amr on the basis of race and national origin; |
| Count Two | Defendants violated 42 U.S.C. § 1981 because they "interfered with Plaintiff's promotional opportunities and reasonable expectation of continued employment contract with [VSU] by giving false and malicious information concerning him, which interference did cause him to get a term contract that ended in May 2008;" |

---

Defendants Burton, Crawford, Young, Mohamed, Hill, Mersie, Kanu, Wildeus, and Evans were identified and discussed, but not sued, in *Amr I*. 2d Am. Compl., *Amr I*, No. 3:07cv628, ¶ 30 (E.D. Va. filed July 29, 2008).

[6] 42 U.S.C. § 1981(a) provides:

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

[7] "Every person who . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . ." 42 U.S.C. § 1983.

| Count Three | Defendants violated 42 U.S.C. § 1983 and Virginia Code §§ 18.2-499[8] and 18.2-500[9] by repeatedly discriminating against him on the basis of race and national origin, by conspiring "for the purpose of impeding, hindering, and defeating the due course of justice with intent to deny the plaintiff the protected constitutional and civil rights," and by failing to prevent the commission of such violations; |
|---|---|
| Count Four | Defendants tortiously interfered with Amr's contract and business expectations because "[a]bsent defendant's [sic] intentional misconduct, the plaintiff would have obviously been promoted to tenure and continued employed;" |

---

[8] "Any two or more persons who combine, associate, agree, mutually undertake or concert together for the purpose of (i) willfully and maliciously injuring another in his reputation, trade, business or profession by any means whatever . . . shall be jointly and severally guilty of a Class 1 misdemeanor." Va. Code § 18.2-499(A).

[9] "Any person who shall be injured in his reputation, trade, business or profession by reason of a violation of § 18.2-499, may sue therefor and recover three-fold the damages by him sustained, and the costs of suit . . . ." Va. Code § 18.2-500(A). A court also has jurisdiction "to issue injunctions pendente lite and permanent injunctions and to decree damages and costs of suit, including reasonable counsel fees" whenever a person files a civil action alleging violations of Va. Code § 18.2-499 and seeking an injunction. Va. Code § 18.2-500(B).

| Count Five | Defendants violated 42 U.S.C. §§ 1985[10] and 1986[11] by: (1) conspiring "to interfere with Plaintiff's reasonable expectation of continued employment with [VSU];" (2) failing "to protect the plaintiff of conspiracies pursuant to the enforcement clause of the Fourteenth Amendment;" and, (3) conspiring "to obstruct justice and to negatively influence the outcome of an investigation of the plaintiff's alleged misconduct which greatly injured his integrity and professional reputation that led to significant damages [sic] his academic career;" |
|---|---|
| Count Six | Defendants intentionally inflicted emotional distress upon Amr because they "caused the plaintiff not to get promoted to tenure and to enter into a prospective tenured contract with VSU by giving false information and fraudulent advice;"[12] |
| Count Seven | "Defendants supplied false information for the guidance of others in their transactions, are subject to liability for pecuniary loss caused to the plaintiff by their unjustifiable reliance upon false information," and gave |

---

[10] 42 U.S.C. § 1985(3) states, in relevant part:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

[11] 42 U.S.C. § 1986 states:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do . . . shall be liable to the party injured . . . for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented . . . .

42 U.S.C. § 1986.

[12] This claim also includes an allegation that Defendants have placed Amr "in a false light before the public." (Am. Compl. ¶¶ 141-42.)

"false and baseless recommendations that resulted in the dismissal of the plaintiff from VSU;" and,

Count Eight     Defendants ASEE, Rashidi, Williamson, and Brown violated Amr's right to privacy[13] because they "disclosed privileged private information of no public interest without consent from the plaintiff," eavesdropped on Amr's conversations, opened Amr's mail, searched Amr's personal belongings without permission, entered Amr's office without permission, and "forged a false manuscript to introduce prejudice to the plaintiff."

(Am. Compl. ¶¶ 114-53.) (Docket No. 5.) Amr seeks back pay and lost benefits, declaratory and

injunctive relief, reinstatement of his employment and an offer of tenure, a "[c]ertified apology"

from Defendants AAUP and ASEE, offers of lifetime membership to AAUP and ASEE, front

pay and benefits, compensatory damages, punitive damages,[14] pre-judgment interest,

expungement of any adverse personnel record, and the costs associated with bringing this suit.

(Am. Compl. at 24-25.)

ASEE failed to file a timely Answer to the Amended Complaint. On February 23, 2010,

upon Amr's request, the Clerk entered default against ASEE. (Docket No. 39.) That same date,

ASEE moved for an extension of time in which to file its Answer (Docket No. 40), and then filed

its Answer (Docket No. 42) and a Motion to Dismiss (Docket No. 43). Amr opposed any belated

filing and moved the Court for entry of default judgment against ASEE. (Docket Nos. 36, 57,

58.)

---

[13] Amr alleges violations of the Restatement (Second) of Torts § 652 and various Virginia statutes. (*See* Am. Compl., Eighth Cause of Action.)

[14] During oral argument on June 11, 2010, in response to AAUP's contention that Amr has sued them for an apology, Amr moved the Court for leave to amend his Amended Complaint to clarify that he seeks an award of damages from each Defendant. The undersigned RECOMMENDS that the Court DENY Amr's oral motion to amend his Amended Complaint.

On April 15, 2010, the Court granted ASEE's motion for an extension of time to file its

Answer and vacated the Clerk's entry of default. (Docket No. 62.) The Court referred ASEE's

pending motion to dismiss to the undersigned.[15] (Docket No. 63.)

## C.    ASEE's Motion to Dismiss

ASEE contends that the applicable statute of limitations bars each of Amr's claims

"because each of [his] causes of action must have arisen before the decision to deny him tenure."

(Mem. Supp. Mot. Dismiss 2.)  ASEE argues that the latest possible date Amr's claims could

have accrued was June 2007, when he was denied tenure. (*See* Mem. Supp. Mot. Dismiss 2.)

Although its written briefing argued a specific statute of limitations as to only some counts,[16]

ASEE confirmed during oral argument that it moves the Court to apply a two-year statute of

limitations to each of Amr's claims, rendering the claims time-barred.[17] *See* Va. Code § 8.01-

243(A).

Amr argues that ASEE "engaged in fraud and conspiracy" by informing VSU that the

paper Amr submitted to ASEE had been rejected. (*See* Pl.'s Reply Br. Resp. Def.'s Br. ("Amr's

Resp."), at 5.) (Docket No. 58.) Amr contends that the statute of limitations does not bar the

Amended Complaint because: (1) the doctrine of fraudulent concealment tolls the running of the

---

[15] Each of the Defendants has moved to dismiss the Amended Complaint. (Docket Nos. 8, 22, 30, 43.) The Court addresses the VSU Defendants' and AAUP's motions to dismiss in a separate Report and Recommendation.

[16] In its memorandum in support of its Motion to Dismiss, ASEE argued the applicability of the statute of limitations only as to Counts One, Two, Three, and Six.

[17] ASEE also contends that Amr's claims lack merit because the "sole allegation of fact against ASEE is that Plaintiff submitted a paper to ASEE in January 2005 and right afterwards withdrew it." (Mem. Supp. Mot. Dismiss 2 (citation omitted).)

9

statute of limitations; and, (2) the five-year statute of limitations applicable to property claims applies to his claims. (Pl.'s Mem. Resp. Defs.' Mot. Dismiss Compl. 8-9, 11-12.) (Docket No. 11.)

## II. Motion to Dismiss Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (hereinafter "*Twombly*") (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). Instead, a plaintiff must allege facts

sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a

claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

1949 (*citing Twombly*, 550 U.S. at 556). Therefore, in order for a claim or complaint to survive

dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th

Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v.

United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

### III. Analysis

#### A.    Count One:  Violation of 42 U.S.C. §§ 1981, 1983

In Count One, Amr contends Defendants Rashidi, Williamson, and Brown "jointly and

severally engaged in unlawful race and national origin discrimination against [him]" by

subjecting him to unequal pay and low performance evaluations. (Am. Compl. ¶ 116.) ASEE

argues that Count One does not lie against it. (Mem. Supp. Mot. Dismiss 4.) The Court finds

that Count One does not lie against ASEE.

Therefore, the undersigned RECOMMENDS that the Court GRANT ASEE's motion and

DISMISS Count One.[18]

---

[18] ASEE also argues that in the event the Court might construe Count One as directed
against ASEE, Amr has failed to make any allegations of fact concerning the alleged
discriminatory action taken against him by ASEE, and that the applicable statute of limitations
bars the action. (Mem. Supp. Mot. Dismiss 4.)

"The discrimination claims under 42 U.S.C. §§ 1981 and 1983 are subject to Virginia's
two-year statute of limitations." *Saleh v. Va. State Univ.*, No. 3:97cv460, 1999 WL 34798179, at
*9 (E.D. Va. Feb. 25, 1999) (*citing* Va. Code § 8.01-243; *Demuren v. Old Dominion Univ.*, 33 F.

**B.    Count Two:  Violation of 42 U.S.C. § 1981**

In Count Two of *Amr II*, Amr contends all named Defendants "jointly and severally interfered with Plaintiff's promotional opportunities and reasonable expectation of continued employment contract with [VSU] by giving false and malicious information concerning him, which interference did cause him to get a term contract that ended in May 2008." (Am. Compl. ¶ 119.) ASEE contends that Amr has failed to allege with any specificity "what false and malicious information, if any, was given by ASEE," and that the statute of limitations bars this claim. (Mem. Supp. Mot. Dismiss 4.)

The Court finds that the statute of limitations bars Count Two. As the Court noted with respect to Count One, "[t]he discrimination claims under 42 U.S.C. §§ 1981 and 1983 are subject to Virginia's two-year statute of limitations." *Saleh*, 1999 WL 34798179, at *9 (*citing* Va. Code § 8.01-243; *Demuren*, 33 F. Supp. 2d at 476); *see also Wilson*, 471 U.S. at 266; *Patterson*, 535 F.2d at 275. Amr alleges he was denied tenure and offered a one-year terminal contract in June of 2007. (Am. Compl. ¶ 94.) He filed the instant Complaint on October 20, 2009. (Docket No. 1.)

Accordingly, the statute of limitations bars this claim and the undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Two.

---

Supp. 2d 469, 476 (E.D. Va. 1999)); *see also Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Patterson v. Am. Tobacco Co.*, 535 F.2d 257, 275 (4th Cir. 1976). Amr alleges he was denied tenure and offered a one-year terminal contract in June of 2007. (Am. Compl. ¶ 94.) He filed the instant Complaint on October 20, 2009. (Docket No. 1.) Accordingly, the undersigned finds that the statute of limitations bars this claim, and the Court may also dismiss Count One on this ground.

### C. Count Three: Violation of 42 U.S.C. § 1983 and Va. Code §§ 18.2-499 and -500

In Count Three, Amr contends Defendants "repeatedly and intentionally discriminated against him" on the basis of race and national origin, that "Defendants conspired for the purpose of impeding, hindering, and defeating the due course of justice," and that Defendants "had the power to aid in preventing" the wrongs Amr alleges. (Am. Compl. ¶¶ 123-25.) ASEE contends Amr "has not made any allegations of fact concerning discriminatory action taken by ASEE against Plaintiff." (Mem. Supp. Mot. Dismiss 5.) Moreover, ASEE asserts that Virginia Code Sections 18.2-499 and 18.2-500 provide relief only for injuries to one's business, not to employment interest, and "[t]o the extent Plaintiff's suit arises out of the denial for his tenure, he seeks recovery for an injury to his employment interest, and his claim must be dismissed." (Mem. Supp. Mot. Dismiss 5.) Finally, ASEE asserts that the statute of limitations bars Count Three. (Mem. Supp. Mot. Dismiss 5.)

To the extent Amr seeks relief pursuant to 42 U.S.C. § 1983, the Court finds that the statute of limitations bars this claim. As the Court noted with respect to Counts One and Two, "[t]he discrimination claims under 42 U.S.C. §§ 1981 and 1983 are subject to Virginia's two-year statute of limitations." *Saleh*, 1999 WL 34798179, at *9 (*citing* Va. Code § 8.01-243; *Demuren*, 33 F. Supp. 2d at 476); *see Wilson*, 471 U.S. at 266; *Patterson*, 535 F.2d at 275. Amr alleges he was denied tenure and offered a one-year terminal contract in June of 2007. (Am. Compl. ¶ 94.) He filed the instant Complaint on October 20, 2009. (Docket No. 1.) Thus, the statute of limitations bars Count Three.

In addition, to the extent Amr seeks relief pursuant to Virginia Code Sections 18.2-499 and 18.2-500, his claim must fail. "[A]s construed that statute addresses only injuries to one's *business*, not injuries to one's employment interests." *Jordan v. Hudson*, 690 F. Supp. 502, 507 (E.D. Va. 1988) (dismissing the plaintiff's complaint alleging that the defendants had tortiously interfered with his contractual employment relationship and conspired to injure him in his reputation, trade, business, or profession by making false statements of sexual harassment). Amr does not allege injuries to his business. Instead, he alleges injuries to his employment interest: "But for the unlawful conduct of Defendant ASEE, the Plaintiff would have been happily ever after tenured 'University Professor' working now at VSU instead of becoming unemployed." (Amr Resp. 3.) This insufficiently states a claim under Virginia Code Sections 18.2-499 and 18.2-500. *See Jordan*, 690 F. Supp. at 507.

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Three.

### D.    Count Four:  Tortious Interference

Amr alleges Defendants tortiously interfered with his contract and business expectations because "[a]bsent defendant's [sic] intentional misconduct, the plaintiff would have obviously been promoted to tenure and continued employed." (Am. Compl. ¶ 131.) ASEE contends Virginia's two-year statute of limitations on actions for personal injury bars this claim, and that Amr has failed to allege any factual basis for this claim. (*See* Mem. Supp. Mot. Dismiss 5-6.)

The Court concludes that the statute of limitations does not bar Count Four. Tortious interference with contract constitutes an injury to property governed by Virginia's five-year statute of limitations. *Boy Blue, Inc. v. Zomba Recording, LLC*, No. 3:09cv483, 2009 WL

2970794, at *3 (E.D. Va. Sept. 16, 2009) (*citing* Va. Code § 8.01-243(A); *Williams v. Reynolds*, No. 4:06cv000020, 2006 WL 3198968, at *5 (W.D. Va. Oct. 31, 2006)); *see also* Va. Code § 8.01-243(B). VSU denied Amr tenure in June of 2007. (Am. Compl. ¶ 94.) Amr filed the instant Complaint on October 20, 2009, less than five years after he was denied tenure. Accordingly, the statute of limitations does not bar Count Four.

The Court must next turn to ASEE's assertion that "Plaintiff has not alleged a factual basis for any . . . claim[] . . . of tortious interference . . . against ASEE." (Mem. Supp. Mot. Dismiss 2.) In Virginia, a plaintiff alleging tortious interference with contract rights must establish four elements: "(1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted." *Chaves v. Johnson*, 335 S.E.2d 97, 102 (Va. 1985) (*citing Calbom v. Knudtzon*, 396 P.2d 148, 151 (Wash. 1964)). Because an untenured professor such as Amr has no constitutionally protected property interest in continued employment, *see Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564 (1972), to allege tortious interference with a contract terminable at will,[19] in addition to the above-named elements, Amr must also establish "that the defendant employed '*improper* methods'" of interference. *Duggin v. Adams*, 360 S.E.2d 832, 836 (Va.

---

[19] "Virginia applies the common-law rule that an employment contract is presumed to be one terminable at will, upon reasonable notice, unless the period of its intended duration can be fairly inferred from its provisions." *Graham v. Cent. Fid. Bank*, 428 S.E.2d 916, 917 (Va. 1993) (*citing Bowman v. State Bank*, 331 S.E.2d 797, 798 (Va. 1985)). The parties have not placed before the Court the employment contract at issue. Therefore, because the Court cannot review the provisions of the contract to determine whether they indicate the contract's intended duration, the Court presumes the contract to be terminable at will. *See id.*

1987) (*quoting Hechler Chevrolet, Inc. v. Gen. Motors Corp.*, 337 S.E.2d 744, 748 (Va. 1985); *Restatement (Second) of Torts*, § 766 cmt. g (1979)).  Improper interference includes "those means that are illegal or independently tortious, such as violations of statutes, regulations, or recognized common-law rules. . . . [or] violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of inside or confidential information, or breach of a fiduciary relationship." *Id.*  In addition, improper methods may also include a violation of "an established standard of a trade or profession or . . . unethical conduct, [s]harp dealing, overreaching, or unfair competition." *Id.* at 837 (citations omitted).

ASEE contends that the "sole allegation of fact against ASEE is that Plaintiff submitted a paper to ASEE in January 2005 and right afterwards withdrew it." (Mem. Supp. Mot. Dismiss 2 (*citing* Am. Compl. ¶ 41).)  The Court finds, however, that Amr has made more than the single allegation to which ASEE points the Court.  Specifically, Amr has alleged that Defendant Rashidi, the ASEE campus representative at VSU, sought to discredit Amr and intended to terminate Amr's employment at VSU.  (*See* Am. Compl. ¶¶ 45, 48, 50.)  Moreover, Amr alleges that ASEE employed an improper method of interference:  Amr alleges that the allegation that he had submitted a plagiarized paper to ASEE was false, and that "Defendant ASEE had conspired with Moadab and Defendant Rashidi to unlawfully manufacture the charge." (Am. Compl. ¶ 50.)  If true, a false allegation that Amr had plagiarized an academic paper may constitute

misrepresentation or deceit sufficient to allege interference through improper means.[20] *See Duggin*, 360 S.E.2d at 836-37.

Nevertheless, the Court concludes that Count Four must fail. In *Twombly*, the Supreme Court noted that the "[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (citation omitted), to one that is "plausible on its face," *id.* at 570, rather than "conceivable." *Id.* A court's "judicial experience and common sense" guide its determination of plausibility, and a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949-50 (citation omitted).

In this case, the Court can draw no reasonable inference that ASEE is liable for tortious interference with Amr's contractual relationship or his expectation that he would receive tenure at VSU. *See id.* Amr fails to plead facts sufficient to allege that ASEE had knowledge of any contractual relationship or expectancy at the time it informed VSU that it suspected Amr of plagiarism. *See Chaves*, 335 S.E.2d at 102. Amr contends he submitted the allegedly plagiarized paper to ASEE in January of 2005, and that on January 25, 2005, he received an email from ASEE asking for an explanation of the identified commonalities in the paper. (Am. Compl. ¶ 41; Amr Resp. 5.) Amr did not apply for tenure, however, until the fall of 2006. (Am. Compl. ¶ 63.) Amr offers no factual explanation of how or why ASEE would have known, in 2005, that Amr intended to apply for tenure in 2006, or why, even if it had known, it would have "conspired" with others to accuse Amr of plagiarism and prevent him from receiving an offer of tenure.

---

[20] The Court notes that, in *Amr I*, the Court did not make the ultimate finding as to the falsity of the plagiarism charge because neither party had placed the "offending papers" before the Court. *Amr I*, 2009 WL 112829, at *9-10 & n.19.

17

Thus, no facts nudge Amr's allegations from "conceivable" to "plausible."[21] *See Twombly*, 550 U.S. at 570. The Court concludes that Count Four cannot survive ASEE's motion to dismiss. *See Bay Tobacco, LLC v. Bell Quality Tobacco Prods., LLC*, 261 F. Supp. 2d 483, 500-01 (E.D. Va. 2003) (granting a defendant's motion to dismiss a count of tortious interference because the plaintiff had made only "generalized assertion[s]" that the defendant knew of the plaintiff's contractual relationship, and had failed to plead any facts as to "how, when, and/or where [the defendant] is alleged to have interfered").

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Four.

### E.    Count Five:  Violations of 42 U.S.C. §§ 1985 and 1986

Count Five contends Defendants conspired to deprive Amr of continued employment at VSU and to negatively influence the outcome of the SIC investigation of his alleged plagiarism, and that Defendants failed to protect him from the conspiracy. (Am. Compl. ¶¶ 133-37.) ASEE contends that the statute of limitations bars Count Five, and that Count Five lacks a sufficient factual basis and must be dismissed. (Mem. Supp. Mot. Dismiss 6.)

A claim for conspiracy to interfere with civil rights pursuant to 42 U.S.C. § 1985(3) falls subject to Virginia's two-year statute of limitations for personal injury actions. *Saleh v. Univ. of Va.*, No. 3:97cv460, 1999 WL 34798179, at *21 (E.D. Va. Feb. 25, 1999); *see* Va. Code § 8.01-243(A); *Wilson v. Garcia*, 471 U.S. 261, 276 (1985).  Amr alleges he was denied tenure and

---

[21] Moreover, Amr's generalized assertions that ASEE "conspired" to unlawfully manufacture the plagiarism charge (Am. Compl. ¶ 50) are "based on inferences that are not fairly and justly drawn from the facts alleged." *Bowman*, 331 S.E.2d at 802; *cf. Davis v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) (stating that a claim of conspiracy pursuant to 42 U.S.C. § 1985(3) must meet a heightened pleading standard).

offered a one-year terminal contract in June of 2007. (Am. Compl. ¶ 94.) He filed the instant Complaint on October 20, 2009. Accordingly, the statute of limitations bars Amr's § 1985(3) claim.

"[A] colorable claim under § 1985 is a prerequisite to a claim under § 1986." *In re Rodriguez*, No. 05-5130, 2005 WL 3843612, at *4 (D.C. Cir. Oct. 14, 2005) (*citing Mollnow v. Carlton*, 716 F.2d 627, 632 (9th Cir. 1983)); *Sebastian v. United States*, 531 F.2d 900, 904 n.11 (8th Cir. 1976). Therefore, because the Court finds that Amr's § 1985(3) is barred by the statute of limitations, his claim pursuant to Section 1986 must also fail.

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Five as to ASEE.

### F. Count Six: Intentional Infliction of Emotional Distress

In Count Six, Amr contends "Defendants' extreme and outrageous conduct intentionally and recklessly caused severe emotional distress" to him. (Am. Compl. ¶ 139.) Specifically, Amr asserts "Defendants intentionally caused the plaintiff not to get promoted to tenure and to enter into a prospective tenured contract with VSU by giving false information and fraudulent advice." (Am. Compl. ¶ 140.) ASEE contends that this claim lacks merit and that the applicable statute of limitations bars it. (Mem. Supp. Mot. Dismiss. 7.)

Virginia's two-year statute of limitations on actions for personal injury applies to claims for intentional infliction of emotional distress. *Luddeke v. Amana Refrigeration, Inc.*, 387 S.E.2d 502, 504 (Va. 1990) (*citing* Va. Code § 8.01-243). Amr alleges he was denied tenure and offered a one-year terminal contract in June of 2007. (Am. Compl. ¶ 94.) He filed the instant Complaint on October 20, 2009. (Docket No. 1.)

19

Accordingly, the statute of limitations bars this claim. The undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Six.

### G.   Count Seven: Information Negligently Supplied for the Guidance of Others

Count Seven again asserts that Defendants intentionally caused Amr not to receive tenure because they gave "false and baseless recommendations" about the plagiarism charge. (Am. Compl. ¶ 145.) Amr contends Defendants are liable for each other's "unjustifiable reliance" on the plagiarism allegations to support a decision to deny him tenure. (Am. Compl. ¶ 144.) ASEE contends Count Seven "is essentially a rehash of the Fourth and Sixth Causes of Action, and should be dismissed for the same reasons as those causes of action." (Mem. Supp. Mot. Dismiss 8.)

To the extent Count Seven alleges that ASEE tortiously interfered with Amr's contractual relations with VSU (*see* Am. Compl. ¶¶ 144-45 (arguing that Defendants "caused [Amr] not to get promoted to tenure and enter into a tenured employment contract")), this re-alleges Count Four. To the extent Count Seven alleges that ASEE's "extreme and outrageous conduct intentionally and recklessly caused severe emotional distress to plaintiff and significant bodily harm" (Am. Compl. ¶ 144), this re-alleges Count Six (*see* Am. Compl. ¶¶ 138-42).

Accordingly, because the Court has already addressed these allegations, the undersigned RECOMMENDS that the Court GRANT ASEE's motion as to Count Seven and DISMISS it as duplicative of Counts Four and Six.

### H.   Count Eight: Violation of Right to Privacy

Count Eight asserts a claim for violation of privacy. Amr contends that "Defendants ASEE, Rashidi, Williamson and Brown disclosed privileged private information of no public

interest without consent from the plaintiff," and that Defendants Rashidi, Williamson, and Brown eavesdropped on Amr's conversations, opened his mail, searched his personal belongings, entered his private office without his permission, and accessed his computer without his permission. (Am. Compl. ¶¶ 147-51.) Amr appears to allege Defendants took these actions in order to create a forged document bearing Amr's name, which Amr contends Defendants then circulated to make it appear as if Amr authored the paper. (Am. Compl. ¶¶ 150-51.) ASEE argues that the statute of limitations bars Count Eight.[22]

Because Amr was denied tenure in June of 2007 and did not file the instant Complaint until October of 2009, Virginia's two-year statute of limitations bars this claim.[23] *See* Va. Code § 8.01-243(A).

Accordingly, the undersigned RECOMMENDS that the Court GRANT ASEE's motion and DISMISS Count Eight.

## I.    The Doctrine of Fraudulent Concealment Does Not Toll the Statute of Limitations

Amr contends the doctrine of fraudulent concealment tolls the statute of limitations. "The purpose of the fraudulent concealment tolling doctrine is to prevent a defendant from 'concealing a fraud, or . . . committing a fraud in a manner that it concealed itself until' the

---

[22] In addition, ASEE argues that Amr "has not made any allegation of fact that ASEE disclosed private privileged information pertaining to the plaintiff." (Mem. Supp. Mot. Dismiss 8.) ASEE contends that although Amr alleges that Defendants "made [a] false statement in writing" (Am. Compl. ¶ 152), Amr "has not made any allegation of fact that ASEE provided any written statement and to whom such written statement was supplied by ASEE." (Mem. Supp. Mot. Dismiss 8.)

[23] The Court also finds that Amr has not alleged facts sufficient to establish that ASEE violated his privacy rights. Specifically, Amr fails to allege what information he contends ASEE publicly disclosed, nor does he allege clearly which Defendant or Defendants made the alleged false written statement. (*See* Am. Compl. ¶ 152.)

defendant 'could plead the statute of limitations to protect it.'" *Supermarket of Marlinton, Inc. v.*

*Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995) (*quoting Bailey v. Glover*, 88 U.S.

(21 Wall.) 342, 349 (1874)) (alteration in original). To invoke the doctrine of fraudulent

concealment, "a plaintiff must demonstrate: (1) the party pleading the statute of limitations

fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed

to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Id.*

Amr fails to establish these elements. Although he alleges that ASEE fraudulently

concealed facts and "acted in 'bad faith'" (Amr Resp. 2-4), Amr fails to allege what facts he

believes ASEE concealed from him. Moreover, Amr fails to show that he was unable to discover

any such facts within the statutory period, despite exercising due diligence. (*See* Amr Resp. 4

(contending that ASEE informed VSU "[o]n or about June 7, 2005" that it believed Amr had

submitted a plagiarized paper).) Accordingly, the doctrine of fraudulent concealment does not

toll the statute of limitations.

## IV. Conclusion

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT

ASEE's Motion to Dismiss. (Docket No. 43.) The undersigned RECOMMENDS that the Court

DISMISS Counts One through Eight.

The parties are ADVISED that they may file specific written objections to the Report and

Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be

labeled with the corresponding heading from the Report and Recommendation, should be

numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate

Judge's findings. Failure to file specific objections to the Report and Recommendation in a

timely manner may result in the entry of an Order dismissing the Complaint. *See* Fed. R. Civ. P.

72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

Let the Clerk send copies of this Report and Recommendation to Plaintiff, to counsel of record, and to the Honorable Robert E. Payne.

It is so ORDERED.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6-21-10