IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALAME M. AMR,

    Plaintiff,

v.                                                           Civil Action No. 3:09cv667

EDDIE N. MOORE, JR., et al.,

    Defendants.

## REPORT AND RECOMMENDATION

This matter comes before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for a Report and Recommendation on Plaintiff Salame M. Amr's Motion for Subpoena Duces Tecum. (Docket No. 64.) Defendants have responded (Docket Nos. 66, 69, 70), and the matter is ripe for disposition. For the reasons stated below, the undersigned RECOMMENDS that Amr's motion be DENIED.

## I. Factual and Procedural Background

On October 20, 2009, Amr, formerly employed by Virginia State University ("VSU") as an Assistant Professor in the School of Engineering, Science and Technology's Department of Engineering and Technology, filed a Complaint in this Court alleging that Defendants Eddie N. Moore, Jr., Nasser Rashidi, Larry C. Brown, Keith M. Williamson, Gerald Burton, Donna Crawford, Gloria Young, Ali Mohamed, Oliver W. Hill, Jr., Wondi Mersie, Andrew Kanu, Stephan Wildeus, and Sharon Evans unlawfully accused him of plagiarism and denied him tenure. (Docket No. 1.) On November 18, 2009, Amr filed an Amended Complaint adding Defendants American Society of Engineering ("ASEE"), American Association of University

Professors ("AAUP"), and the VSU Board of Directors, and alleging eight causes of action. Count One appears to lie against Defendants Rashidi, Williamson, and Brown. (Am. Compl. ¶¶ 114-16.) Counts Two through Seven lie against all Defendants. (Am. Compl. ¶¶ 118-45.) Count Eight lies against Defendants ASEE, Rashidi, Williamson, and Brown. (Am. Compl. ¶¶ 146-53.)

Each of the Defendants has moved to dismiss the Amended Complaint. (Docket Nos. 8, 22, 30, 43.) The Honorable Robert E. Payne referred the motions to dismiss to the undersigned for a Report and Recommendation. The Court has not yet ruled on the motions to dismiss.

On April 19, 2010, Amr moved the Court to issue a subpoena duces tecum to all Defendants "to produce documents and information identifying that the Plaintiff had engagged [sic] in academic misconduct (plagiarism) or he had violated the ethical code of academic conducts [sic]." (Pl.'s Mot. for Subpoena Duces Tecum 1.) Specifically, Amr states that he intends to subpoena "information and documents (reports and minutes from the meetings of the Scientific Integrity Committee in 2007, the University Counsel's Mediation Committee meeting in November 2007, the meetings of the University's Promotion and Tenure Committee in 2007, and the Plaintiff's meeting with the President, Defendant Moore, in June and in September 2007)." (Pl.'s Mot. for Subpoena Duces Tecum 3.)

On April 22, 2010, Judge Payne referred the motion for a subpoena duces tecum to the undersigned. (Apr. 22, 2010 Order.) (Docket No. 65.) Defendants have responded by moving to quash the subpoena.[1] (Docket Nos. 66, 69, 70.) Defendants contend Amr's request constitutes

---

[1] In its Opposition to Plaintiff's Motion for Subpoena Duces Tecum, AAUP adopted the VSU Defendants' Motion to Quash. (AAUP Opp'n to Pl.'s Mot. for Subpoena Duces Tecum 1.) (Docket No. 69.)

an undue burden pursuant to Rule 45(c)(3)(iv) of the Federal Rules of Civil Procedure because: (1) Defendants are entitled to a resolution of the pending motions to dismiss prior to engaging in discovery; (2) Amr has failed to set forth with any specificity what documents or information he seeks to compel; (3) the request is premature, as the parties have not yet conducted a Rule 26(f) conference; and, (4) Amr should seek the production of documents pursuant to Rule 34, rather than a subpoena duces tecum. (Defs.' Mem. Supp. Mot. to Quash 2; AAUP's Opp'n to Pl.'s Mot. for Subpoena Duces Tecum 1; Def. Am. Soc'y Eng'g Educ.'s Mem. Law Supp. Mot. to Quash Pl.'s Req. for Subpoena Duces Tecum 2.) (Docket Nos. 67, 69, 71.)

## II. Analysis

Rule 26(d)(1) of the Federal Rules of Civil Procedure governs the timing and sequence of discovery. Fed. R. Civ. P. 26(d)(1). The Rule states: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in certain enumerated proceedings. Fed. R. Civ. P. 26(d)(1). In this case, the parties have not conferred pursuant to Rule 26(f), and the action does not fall under one of the enumerated exceptions to Rule 26(d)(1). *See* Fed. R. Civ. P. 26(a)(1)(B). When it was filed, Amr's motion was premature. Moreover, Rule 45 applies to non-party witnesses. *See* Fed. R. Civ. P. 34(c). To the extent he seeks discovery from parties to this matter, Rule 34 of the Federal Rules of Civil Procedure provides Amr a more appropriate vehicle to obtain the documents he seeks. *See* Fed. R. Civ. P. 34(a)-(b).

On June 21, 2010, the undersigned issued two Report and Recommendations recommending that the Court grant the pending motions to dismiss. (Docket Nos. 76, 77.) Because the undersigned recommends that the Court grant Defendants' motions to dismiss, the

undersigned RECOMMENDS that Amr's Motion for Subpoena Duces Tecum (Docket No. 64) be DENIED AS MOOT.

### III. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that:

1. Amr's Motion for Subpoena Duces Tecum (Docket No. 64) be DENIED AS MOOT;

2. The Motion to Quash Plaintiff's Request for Subpoena Pursuant to Fed. R. Civ. P. 45(c)(3) (Docket No. 66) by Defendants Moore, Brown, Williamson, Rashidi, Burton, Crawford, Hill, Mersie, Kanu, Wildeus, Evans, Young, Mohamed, and the VSU Board of Visitors be DENIED AS MOOT;

3. AAUP's motion to quash Amr's request for subpoena, within the body of its Opposition to Plaintiff's Motion for Subpoena Duces Tecum (Docket No. 69) be DENIED AS MOOT; and,

4. Defendant ASEE's Motion to Quash Plaintiff's Request for Subpoena Duces Tecum (Docket No. 70) be DENIED AS MOOT.

The parties are ADVISED that they may file specific written objections to the Report and Recommendation within fourteen (14) days of the date of entry hereof. Each objection should be labeled with the corresponding heading from the Report and Recommendation, should be numbered, and should identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to file specific objections to the Report and Recommendation in a timely manner may result in the entry of an Order dismissing the Complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

Let the Clerk send copies of this Report and Recommendation to Plaintiff, to counsel of record, and to the Honorable Robert E. Payne.

It is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 6-21-10