IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SALAME AMR,**

        **Plaintiff,**

**v.**                                                                **C.A. No. 3:09cv667**

**EDDIE N. MOORE, JR.** *et al.,*

        **Defendants.**

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendants Eddie N. Moore, Jr., Larry C. Brown, Keith Williamson, Nasser Rashidi, Gerald Burton, Donna Crawford, Oliver Hill, Jr., Wondi Mersie, Andrew Kanu, Stephan Wildeus, Sharon Evans, Gloria Young, Ali Mohammed and the Virginia State University Board of Visitors (hereinafter collectively referred to as "Defendants"), by counsel, pursuant to Federal Rules of Civil Procedure state the Plaintiff's Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 52, 59 and 60 (b) should be rejected by this Court for the reasons set forth in the Memorandum in Response.[1]

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In February of 2007, Plaintiff filed a Complaint[2] alleging race and national origin discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 1983. The named Defendants were VSU, Eddie N. Moore, Jr., Nasser Rashidi, Larry Brown and Keith M. Williamson.

---

[1] Judge Payne adopted Magistrate Lauck's report and recommendation to grant the Defendants' motions to dismiss on August 8, 2010.
[2] The prior legal proceedings will be referenced as Amr I Complaint and the present lawsuit will be referenced as the Amr II Complaint.

In October of 2007, Plaintiff filed an Amended Complaint alleging race and national origin discrimination against VSU pursuant to 42 U.S.C. § 1981, and race and national origin discrimination against all the Defendants pursuant to 42 U.S.C. § 1983.

On July 18, 2008, Plaintiff filed a Second Amended Complaint against his former employer VSU, Larry C. Brown, Nasser Rashidi and Keith M. Williamson alleging race and national origin and religious discrimination in violation of Title VII, 42 U.S.C. § 2002(e)(2), the Civil Rights of 1866 and 42 U.S.C. § 1981.  Plaintiff also alleged a violation of his due process rights of notice and an opportunity to be heard in violation of his rights under the Fourteenth Amendment.  Finally, Plaintiff alleges violations of his liberty interests, good name and professional reputation in violation of 42 U.S.C. § 1983.

The crux of the Second Amended Complaint in Amr I involves his unsuccessful attempt to be granted tenure at VSU and be promoted to an Associate Professor because of his plagiarism of a paper submitted to an engineering society in January of 2005. After the parties completed discovery, the Defendants filed a Motion for Summary Judgment on August 20, 2008.  The Court referred the Motion to Magistrate Judge Lauck for a report and recommendation.  On December 3, 2008, Judge Lauck issued a report and recommendation[3] on the motion for summary judgment.  On December 11, 2008, the motion was referred back to Judge Lauck for a supplemental report and recommendation in response to certain supplemental filings made by Amr.  Judge Lauck's revised report and recommendation[4] was issued on December 23, 2008.  Amr, proceeding without counsel, objected to the revised report and recommendation and attached 31 pages of additional information to his objection.

---

[3] See Exhibit A - Magistrate Lauck's report and recommendation dated December 3, 2008.
[4] See Exhibit B - Magistrate Lauck's revised report and recommendation dated December 23, 2008.

On January 14, 2009, the Court entered an Order[5] adopting the revised report and recommendation and overruling Amr's objections. The record was closed on January 14, 2009, and Amr filed a Notice of Appeal on February 12, 2009. On February 17, 2009, the record was forwarded to the United States Court of Appeals for the Fourth Circuit.

On March 6, 2009, Amr filed a document styled "Motion to Update and Set the Record Straight" in this Court. Judge Payne reviewed that motion and in a memorandum opinion denied the motion on May 4, 2009.[6] Amr appealed this decision on June 3, 2009 to the United States Court of Appeals for the Fourth Circuit.

The Fourth Circuit Court of Appeals on August 6, 2009 in case No. 09-1184 affirmed the district court order[7] for the reasons stated by the district court granting the motion for summary judgment in a per curiam opinion and denied Amr's request for a rehearing en banc on October 13, 2009.[8]

The Fourth Circuit Court of Appeals on November 11, 2009 in case No. 09-1657 denied Amr's request to supplement the record.[9] The Court ruled the request was moot based on the appeal decision that was issued in case No. 09-1184 on August 6, 2009.

The Amended Complaint in the present lawsuit - Amr II alleges Amr, a Jordanian male and legal resident of the United States, was employed by Virginia State University ("VSU") from August 19, 2002 through May 12, 2008, when his terminable contract ended. Dr. Amr was employed by VSU as an Assistant Professor in the School of Engineering Science and Technology, Department of Engineering and Technology. Amr

---

[5] See Exhibit C - Judge Payne's Order entered January 14, 2009 adopting the revised report and recommendation.
[6] See Exhibit D - Memorandum Opinion of Judge Payne dated May 4, 2009 denying Amr's "Motion to Update and Set the Record Straight."
[7] See Exhibit E - Fourth Circuit Court of Appeals Order dated August 6, 2009 in case No. 09-1184.
[8] See Exhibit F - Fourth Circuit Court of Appeals Order dated October 13, 2009 in case No. 09-1184.
[9] See Exhibit G - Fourth Circuit Court of Appeals Order dated November 16, 2009 in case No. 09-1657.

filed the current lawsuit on October 20, 2009 and filed the Amended Complaint on November 18, 2009. Amr alleges in this amended complaint violations of his rights under 42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985 and 42 U.S.C. § 1986, as well as, claims for defamation, fraud, conspiracy and intentional infliction of emotional distress. Plaintiff sued VSU defendants ASEE and AAUP.

Each of the Defendants filed motions to dismiss pursuant to Federal Rules of Civil Procedure 12 (b) (6). Magistrate Lauck held a hearing on June 11, 2010, per the Plaintiff's request and issued her report and recommendation on June 21, 2010. A court order was issued August 9, 2010 overruling the Plaintiff's objections to the report and recommendation and adopting the report and recommendation of the magistrate judge which recommended granting the Defendants' motions to dismiss for the reasoning set forth in the magistrate's report. The court order further denied the Plaintiff's other motions including the motion for reconsideration as moot.

## II.   **DEFENDANTS' AGRUMENT REGARDING RULE 52 OF THE FRCP**

Rule 52 of the Federal Rules of Civil Procedure permits a party to file a motion to address "Findings and Conclusions by the Court; Judgment on Partial Findings." In the instant case, Plaintiff's motion is requesting the Court to set aside the findings by the magistrate or to amend the findings. In either case, the Plaintiff's motion is without merit based on the magistrate's reports and recommendations and the previous orders of this Court. Second, the Plaintiff has failed to list any undisputed facts[10] that support his motion, but simply reiterates his version of the facts. Third, the Court just denied this motion for reconsideration in the order (Document 90) and the Plaintiff has not set forth

---

[10] Plaintiff attached a draft unsigned affidavit to his memorandum of law which makes numerous statements unsupported by findings in this case. In addition the affidavit is not notarized.

ANY new information to urge the Court to change this order.  For the foregoing reasons, the Plaintiff's motion for reconsideration must be dismissed with prejudice.

**III.     DEFENDANTS' ARGUMENT REGARDING RULE 59 OF THE FRCP**

Rule 59 of the Federal Rules of Civil Procedure states:

New Trial; Altering or Amending a Judgment (a) General.

(1) *Grounds for New Trial.* The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:

(A) after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court; or

(B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.

(2) *Further Action After a Nonjury Trial.* After a nonjury trial, the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment.

(b) Time to File a Motion for a New Trial. A motion for a new trial must be filed no later than 28 days after the entry of judgment.

(c) Time to Serve Affidavits. When a motion for a new trial is based on affidavits, they must be filed with the motion. The opposing party has 14 days after being served to file opposing affidavits. The court may permit reply affidavits.

(d) New Trial on the Court's Initiative or for Reasons Not in the Motion. No later than 28 days after the entry of judgment, the court, on its own, may order a new trial for any reason that would justify granting one on a party's motion. After giving the parties notice and an opportunity to be heard, the court may grant a timely motion for a new trial for a reason not stated in the motion. In either event, the court must specify the reasons in its     order.

(e) Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.

Defendants argue Plaintiff fails to set forth any basis for relief under Rule 59 and simply restates arguments this Court, the Fourth Circuit Court of Appeals and even the

United States Supreme Court has rejected. Plaintiff has refused to accept the prior decisions of the Courts and continues to file claims for relief that are not grounded in fact or law.

### IV.   **DEFENDANTS ARGUMENT REGARDING RULE 60 OF THE FRCP**

Rule 60 of the Federal Rules of Civil Procedure states:

**Relief from Judgment or Order**
**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.**

The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.**

On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Plaintiff's motion pursuant to Rule 60 for reconsideration must be dismissed with prejudice in light of the previous reports and recommendations by the magistrate and the orders of this Court.

Amr in essence alleges that his termination from VSU was based on fraud because the Defendants engaged in a conspiracy when they were advised by ASEE that Amr submitted a paper in 2005 that had 16 commonalties with a paper presented in 2004. Amr chose not to defend the paper he submitted, and thus, it was determined that the paper was plagiarized, and Amr had engaged in academic misconduct which ultimately resulted in him being denied tenure in 2007 by VSU. Amr further alleges his attorneys participated in the fraud when they failed to handle his case in the manner Amr now argues was legally appropriate.

In *Cochran v. Holder*, 2010 U.S. Dist. LEXIS 56272 ( E.D. Va. June 4, 2010), this Circuit recently stated "[a] party seeking relief under Rule 60(b) must cross an 'initial threshold,' showing 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances'" (quoting *Dowell v. State Farm Fire & Cas. Auto. Ins. Co*., 993 F.2d 46, 48 (4th Cir. 1993)). Once a party meets this threshold, he must then satisfy at least one of the six reasons provided in Rule 60 (b).

Amr's motion and legal memorandum fails to achieve either of these legal requirements because all the issues he realleges were decided by the Court when the Court granted the Defendants' motion for summary judgment. Specifically, Amr alleges that Williamson and Brown denied him his due process rights, engaged in a conspiracy against him when reviewing his plagiarism issue and tenure review, and denied him his equal protection rights. The second report and recommendation by Magistrate Lauck addressed each of these issues raised in the motion for reconsideration and found no merit to any of these claims based on the evidence presented by the Defendants, or the claims were barred by the statue of limitations. In fact, Magistrate Lauck in great detail

addressed the plagiarism and due process charges on pages 16-21 of the report and recommendation dated December 23, 2008.

"When making a motion under Rule 60(b), the party moving for relief must clearly establish the grounds therefore to the satisfaction of the district court . . . and such grounds must be clearly substantiated by adequate proof." *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal citations and quotations omitted). A Rule 60 (b) motion may not be used to request "reconsideration of legal issues already addressed in an earlier ruling." *CNF Constructors v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995); *see also, United States v. Williams,* 674 F.2d 310, 312 (4th Cir. 1982) (holding that "Rule 60 (b) does not authorize a motion merely for reconsideration of a legal issue").

Amr's motion for reconsideration does not offer the court any new evidence, but merely restates Amr's refusal to accept the prior legal rulings of this Court, the Fourth Circuit and the United States Supreme Court.

Amr also can not sustain this Motion by demonstrating any "exceptional circumstances" necessary to meet the *Dowell* threshold. In *Cochran*, the Court further stated:

> A party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself of Rule 60(b) after an adverse judgment has been handed down." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577, 204 U.S. App. D.C. 300 (D.C. Cir. 1980). As the Fourth Circuit has found, "Rule 60(b) is intended to protect parties neither from their lawyers' own negligence, (*see Counts v. Wang Labs., Inc. (In re Va. Information Sys. Corp.)*, 932 F.2d 338, 342 (4th Cir. 1991); *see also Lomas & Nettleton Co. v. Wiseley*, 884 F.2d 965, 971 (7th Cir. 1989)), nor **[*10]** from the undesirable results that flow from a poorly chosen litigation strategy." *American Lifeguard Ass'n, Inc. v. American Red Cross*, 21 F.3d 421 (4th Cir. 1994) (citing *Ackermann v. United States*, 340 U.S. at 198 (holding that "petitioner cannot be relieved of such a choice because hindsight seems to indicate to him that his decision . . . was probably wrong")).

*Cochran* at *9-10.

Amr alleges repeatedly in this Motion that his former attorneys failed to prosecute his case because they failed to present certain claims in the pleadings or depositions were not scheduled for certain parties. None of these allegations by Amr serve as a basis for a Rule 60 (b) motion. In *Cochran* at *10 the court stated:

> In *American Lifeguard Ass'n*, the Fourth Circuit found that a plaintiff's decision to voluntarily dismiss two separate but related suits in order to avoid an adverse ruling on a motion to dismiss did not constitute the "exceptional circumstances" necessary for a successful Rule 60(b) motion. *Id*. Similarly, the Plaintiff here decided not to submit the documents at issue as part of his summary judgment briefing. While no explanation is given as to why this determination was made, either through negligence or tactical decision, Plaintiff's failure to submit these documents does not constitute the "exceptional circumstances" necessary to meet the *Dowell* threshold.

Amr alleges that the parties at VSU were all in a conspiracy against him to terminate his employment at VSU, but he fails to present any evidence of a conspiracy or fraud by any of the Defendants in his former pleadings, or in this Motion, including his claims against ASEE and AAUP. Amr also was not denied his due process or equal protection rights by the Defendants. Likewise, Amr's allegations that his attorneys did not prosecute his case in the manner to achieve a judgment in his favor, and this was an act of fraud by his attorneys, is not a sufficient basis for a Rule 60 (b) motion.

## V.     **CONCLUSION**

WHEREFORE, Defendants ask that the Court deny Plaintiff's Motion for Reconsideration because Amr has failed to demonstrate any sustainable claims under Rules 52, 59 and 60 (b) of the Federal Rules of Civil Procedure, and his motion should be dismissed with prejudice and any further relief the Court deems appropriate.

                                            Respectfully submitted,

                                            **EDDIE N. MOORE, Jr.,** *et al.*

By:            _____/s/_____
        Gregory C. Fleming
        Virginia Bar Number: 24819
        Counsel for Defendant
        Office of the Attorney General
        900 East Main Street
        Richmond, Virginia  23219
        Telephone: (804) 786-5636
        Fax: (804) 371-2087
        E-mail:  gfleming@oag.state.va.us

Kenneth T. Cuccinelli, II
Attorney General of Virginia

Wesley G. Russell, Jr.
Deputy Attorney General

Peter R. Messitt
Senior Assistant Attorney General

Ronald N. Regnery
Senior Assistant Attorney General

\*Gregory C. Fleming
Senior Assistant Attorney General
State Bar No. 24819
Office of the Attorney General
900 E. Main Street
Richmond, Virginia  23219
(804) 786-5636

\*Counsel of Record

**Certificate of Service**

I hereby certify that, on this **24th** day of **August, 2010**, the foregoing **Defendants' Memorandum of Law in Opposing the Motion for Reconsideration Pursuant to Fed. R. Civ. P.  52, 59 and 60 (b)** was filed electronically with the clerk of court using the CM/ECF system.  I hereby certify that I will mail the document by U.S. mail to the following non-filing user:

    Salame M. Amr
    106 Cedar Creek Lane
    Colonial Heights, Virginia 23834

    Plaintiff *pro se*

    By:    _____/s/_____
        Gregory C. Fleming
        Virginia Bar Number: 24819
        Counsel for Defendant
        Office of the Attorney General
        900 East Main Street
        Richmond, Virginia  23219
        Telephone: (804) 786-5636
        Fax: (804) 371-2087
        E-mail:  gfleming@oag.state.va.us