UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SALAME M. AMR,

    Plaintiff,

v.                                              Case No. 3:09CV667

EDDIE N. MOORE, JR., et al.

    Defendants.

## DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant American Society for Engineering Education ("ASEE"), by counsel, pursuant to Federal Rules of Civil Procedure state the Plaintiff's Motion for Reconsideration pursuant to Federal Rules of Civil Procedure 52, 59 and 60(b) should be denied by this court for the reasons set forth in this Memorandum in Response[1].

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

November 18, 2009 Plaintiff filed an Amended Complaint naming ASEE as a defendant and asserting violations of his rights under 42 U.S.C. §1981, 42 U.S.C. §1983, 42 U.S.C. §1985, 42 U.S.C. §1986 and claims for defamation, fraud, conspiracy and intentional infliction of emotional distress. Plaintiff also named the American Association of University Professors in this Amended Complaint, and continued to name a number of defendants whom he had previously sued for the same or similar claims beginning in February 2007 (collectively "defendants").

---

[1] Judge Payne adopted Magistrate Judge Lauck's report and recommendation to grant ASEE's Motion to Dismiss on August 9, 2010.

ASEE and the other defendants filed Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and applicable statutes of limitations.  Magistrate Judge Lauck held a hearing on June 11, 2010, per the plaintiff's request, and issued her Report and Recommendations on June 21, 2010, which recommended to granting ASEE's Motion to Dismiss.  An Order was entered on August 9, 2010 overruling the Plaintiff's objections to the Report and Recommendation and adopting the Report and Recommendation of the magistrate judge.  The Order further denied the Plaintiff's other motions as moot.

## II.    ASEE'S ARGUMENT REGARDING RULE 52

Rule 52 of the Federal Rules of Civil Procedure permits a party to file a motion regarding "Findings and Conclusions; Judgment on Partial Findings."  Plaintiff particularly requests "amended findings" of the magistrate judge, which were adopted by this Court.  Motion, page 1. Plaintiff's motion for amended or additional findings is not supported in his Motion for Reconsideration ("Motion") or his Memorandum of Law in Support of His Motion for Reconsideration ("Memorandum").  Plaintiff's Memorandum simply reiterates his version of the facts as set forth in his prior filings and fails to provide any additional facts in support of his Motion.  *See Counts v. Wang*, 932 F.2d 338 (4th Cir. 1991)(District court did not err in denying Rule 52(b) motion when moving party neither pleaded new defense nor offered evidence to support it.) For the foregoing reasons, the Plaintiff's Motion for Reconsideration pursuant to Rule 52 should be denied.

## III.   ASEE'S ARGUMENT REGARDING RULE 59

Rule 59 of the Federal Rules of Civil Procedures is used to request a "New Trial; Altering or Amending a Judgment."  Rule 59(a) through (d) addresses new trials, and so

does not apply here. Rule 59(e) addresses a "Motion to Alter or Amend a Judgment." A motion for amendment of judgment pursuant to subdivison (e) must show one of three grounds: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available; or (3) to correct a clear error of law or prevent manifest injustice. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 420 (4th Cir. 2010). Plaintiff fails to set forth any basis for relief under Rule 59. Plaintiff does not identify a change in law, does not account for new evidence that was not previously available, nor does he identify a clear error of law or circumstance of manifest injustice. Plaintiff asserts that he has "newly discovered evidence" in the form of a "forged draft paper and deposition transcripts." Motion, page 4. Plaintiff does not explain that any such evidence is relevant to his current lawsuit against ASEE. Even if Plaintiff had introduced new evidence, he has not explained that any evidence was unavailable to him during the pendency of this lawsuit, or why such evidence was unavailable to him during the pendency of this lawsuit. *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d at 411. Plaintiff merely restates assertions and arguments previously presented in his compliant or subsequent filings. For the foregoing reasons, Plaintiff's Motion for Reconsideration pursuant to Rule 59 should be denied.

## VI.  ASEE'S ARGUMENT REGARDING RULE 60

A motion for relief under Federal Rule of Civil Procedure 60(b) must demonstrate (i) that the motion is timely, (ii) that there is a meritorious defense to the challenged order, (iii) that setting aside the order will not unfairly prejudice the opposing parties, and (iv) exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto Ins. Co.,* 993 F.2d 46, 48 (4th Cir. 1993); *see also Rucker v. Sheehy Alexandria, Inc.* 244 F. Supp. 2d

618, 622). Plaintiff particularly fails to demonstrate that there is a meritorious defense to the challenged order because he does not present any new evidence or other information to support a meritorious defense. Plaintiff does not demonstrate any extraordinary circumstances.

Plaintiff particularly asks for relief pursuant to "Rule 60(b) as amended on the ground of newly discovered evidence." Motion, page 4. Plaintiff appears to be referring specifically to Rule 60(b)(2). Plaintiff's Rule 60(b)(2) motion is inextricably linked to his Rule 59(b) motion regarding newly discovered evidence, for which he does not satisfy the requirements. Plaintiff's evidence was thoroughly considered in the magistrate judge's report and recommendation, which was adopted by this court.

Plaintiff's Rule 60(b)(3) motion is based on a claim of fraud that is not supported in his Motion as to ASEE. Plaintiff re-alleges fraud in a prior lawsuit to which ASEE was not a party. Motion, page 3. Plaintiff's fraud allegations regarding his draft paper are seemingly related to the basis of his Amended Complaint. Motion, page 2. Plaintiff also reasserts his dissatisfaction with his prior counsel in a lawsuit to which ASEE was not a party. Motion, pages 7-14, 18-19.

Plaintiff does not satisfy the elements for relief available under any of the six enumerated section of Rule 60(b). Plaintiff's request for relief under Federal Rule of Civil Procedure 60(b) is nothing more than a request for the Court to change its mind. *Bright v. Norshipco,* 187 F.R.D. 536 (E.D. Va. 1998), *aff'd* 178 F.3d 1282 (4th Cir. 1999). For the foregoing reasons, Plaintiff's request for relief pursuant to Rule 60(b) should be denied.

## VI. <u>CONCLUSION</u>

WHEREFORE, the American Society for Engineering Education asks that the Court deny Plaintiff's Motion for Reconsideration because Amr has failed to demonstrate any sustainable claims under Rules 52, 59 and 60(b) of the Federal Rules of Civil Procedure.

        American Society for Engineering Education

        By: _____/s/_____

John A. Gibney, Jr. VSB No. 15754
Margaret Sander, VSB No. 75377
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
(804) 649-7545
Fax (804) 780-1813
jgibney@t-mlaw.com
msander@t-mlaw.com

## Certificate of Service

I certify that on August 30, 2010, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing to the following: Gregory Clayton Fleming, Office of the Attorney General, 900 E Main St., Richmond, Virginia 23219; Jeremy David Capps, Esq., Harman Claytor Corrigan & Wellman, PO Box 70280, Richmond, Virginia 23255 and by first class mail, postage prepaid to Salame M. Amr, 106 Cedar Creek Lane, Colonial Heights, Virginia 23834.

/s/
John A. Gibney, Jr. VSB No. 15754
Margaret Sander, VSB No. 75377
ThompsonMcMullan, P.C.
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219
jgibney@t-mlaw.com
msander@t-mlaw.com
(804) 649-7545
Fax (804) 780-1813