

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SALAME M. AMR,                                                     Plaintiff,


v.                                           Civil Action No.: 3:09CV667


EDDIE N. MOORE, JR., et al.                                        Defendants.


## PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO HIS MOTION FOR RECONSIDERATION

Pursuant to the Federal Rules of Civil Procedures, rule 52, rule 59 and rule 60, the Plaintiff, Salame M. Amr, moves this Court for requesting relief from its judgment. The Plaintiff respectfully asks this Court to reconsider its Order on August 9, 2010 in granting the Defendants' motion to dismiss and denying his motions as moot. But for the fraud of counsels, the record would have been made to reflect that the Plaintiff was entitled to relief. Plaintiff prays that the Court would reconsider its Order and assess the undue prejudice upon him.

Counsels' fraud had deliberately aimed to extend adverse action taken against the Plaintiff at VSU to fraudulently introduce further more significant prejudice to him at the Court of law. Due to fraud and fraud on the court, the Plaintiff had been disabled to bring forward numerous undisputed facts before the Magistrate Judge Lauck issue her recommendation to grant the Defendants' "Motion for Summary judgment" in the prior proceeding. Ample evidence was made absent that pertains to prove beyond any doubt that Plaintiff was not guilty

of plagiarism (unfounded charge) had been made absent. *See Exhibit A.*

Plaintiff aimed in filing a "Motion to Request Subpoenas" sent out to ASEE, AAUP, and VSU to bring forward its "forged" evidence of Plaintiff before the Court in a sealed envelope. The Court should not allow the Defendants to use a "forged" draft paper to convict the Plaintiff of such serious charge of plagiarism. This "forged" evidence had been used to validate the two unlawful reports from SIC that were fraudulently presented by counsel of Defendants' to defraud this Court in manipulating it to issue decision into their favor in the prior proceeding.

AAUP would have been requested to explain how and at what stage it got involved in conspiracy with Defendants in circulating the "forged" draft paper and establishing unfounded charge of plagiarism that aimed to facilitate removing Plaintiff as well as the Provost W. Eric Thomas. The Defendant ASEE would have been requested to openly inform this Court whether it ever had a plain charge of plagiarism against Plaintiff (whether Plaintiff's withdrawn presented work was not any lawful) and most importantly whether Plaintiff's draft paper had indeed been removed from the 2005 conference proceeding before initiating communication with him on January 25, 2005. But for his fraud and fraud upon the court, Plaintiff's former counsel, as an officer of the Court, could have simply issued those subpoena duces tecum without a motion.

**Legal fraud** – "comprises all acts or omissions or concealments involving breach of equitable or legal duty or trust or confidence." **Collateral fraud or extrinsic fraud** – "fraud that prevents a party from knowing their rights or from having a fair opportunity of presenting them at trial." The plaintiff was deprived of a "full and fair opportunity" to litigate and properly supplement the

record in the prior proceeding early enough for the magistrate judge's review while issuing her reports and recommendations. In September 2008, Plaintiff's former counsel deceitfully refused to clarify for his client the actual reason behind the Court's Order on September 9, 2008 to continue the case generally which significantly implied that the legal case was going to get dismissed. He fraudulently continued in taking his unethical part in deceiving his own client. Plaintiff had been a victim of deception, plain dishonesty, and fraud. **Fraud in the inducement** – "fraud which intentionally causes a person to execute and instrument or make an agreement or render a judgment; e.g., misleading someone about the true facts." **Intrinsic fraud** – "fraud (as by use of forged documents or false claims or perjury) that misleads a court or jury and induces a finding for the one perpetrating the fraud." VSU had indeed used a "forged" draft paper (missing page 8) to issue two SIC erroneous reports that aimed to facilitate removing the Plaintiff. *See Exhibit A.*

But for counsels' fraud, the Plaintiff would have had prevailed and succeeded in getting relief, at least getting his unlawfully terminated employment reinstated back at VSU. Plaintiff asserts under penalty of perjury that Defendants are well aware that they had no valid (forged) evidence to substantiate convicting him of such a serious charge of plagiarism. In good faith, the Plaintiff filed two lawsuits at the District Court. The Plaintiff had been denied "Equal Protection" right as well as "due process" of law under the Fourteenth Amendment of the United States Constitution. In the interest of serving justice, the Plaintiff prays that the District Court will grant his motion for reconsideration. Counsels' fraud scheme aimed to close discovery for the prior proceeding so quick on August 20,

3

2008 to fraudulently protect the Defendants' interest and to waste Plaintiff's "fair opportunity" to uncover the whole truth (undisputed facts) before this Court.

Whenever any officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court". In *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985), the Court stated "Fraud upon the court is fraud which is directed to the judicial machinery itself and is not fraud between the parties or fraudulent documents, false statements or perjury. It is where the court or a member is corrupted or influenced or influence is attempted . . . thus where the impartial functions of the court have been directly corrupted." Plaintiff paid a fee for the Court's reporter while taking deposition of three Defendats Brown, Rashidi, and Williamson as well as three witnesses (Provost W. Eric Thomas, Deborah Goodwyn, and Shaukat Siddiqi. The former counsel fraudulently failed to neither order the deposition transcripts nor informed his client of this catastrophic drastic effect to his case. Even after Plaintiff took over the case, former counsel fraudulently aimed to keep Plaintiff from finding out or order those transcripts until after the prior civil case got dismissed with prejudice on January 14, 2009. Plaintiff had ordered those transcripts in February 2009.

"Fraud upon the court" has been defined by the Seventh Circuit Court of Appeals to "embrace that species of fraud which does, or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *See Kenner v. C.I.R.*, 387 F.3d 689 (1968). The Seventh Circuit further stated "a decision produced by fraud upon the court is not in essence a decision at all, and never becomes final." Moreover,

"fraud on court" is committed when counsels concoct the unconscionable scheme calculated to impair the Court's ability fairly and impartially to adjudicate dispute in the prior proceeding. "Fraud on the court" had occurred when acts of the Plaintiff's counsel and the counsel of the defendants prevented the Plaintiff from fully and fairly presenting his case before the Court. In his deposition, the Provost W. Eric Thomas acknowledged that the Plaintiff had advised SIC about its unlawful mistake of using "forged" draft paper. *See Exhibit B.*

Defendants' fraudulent scheme of adopting "forged" evidence before the Court to support their unfounded charge against the Plaintiff that aimed to cover-up their scheme constituted "fraud on the court" warranting sanctions. *See Derzack v. County of Allegheny, Pa.*, 173 F.R.D. 40ff affirmed 118 F.3d 1575 (Pa. 1996). In his deposition on August 11, 2008, Defendant Rashidi acknowledged that the VSU's "forged" draft paper is missing page 8 where the Plaintiff had explicitly referred to TAMUK's work in that particular page of his authentic draft paper. *See Exhibit C.*

The unethical conduct is indicated by the record is focused to maliciously interfere with plaintiff's opportunity to establish his legal rights for justice and obtain equitable relief while having his day in Court. "Fraud on the court" doctrine permits court to overturn settled decrees and orders, and as a result is narrowly construed and is defined to most egregious cases, such as improper influence exerted on court by corrupted attorney, in which integrity of the court and its ability to function impartially is directly impaired. The Plaintiff is entitled to relief from the Court's judgment on theory that the counsels committed "fraud on the court," plaintiffs had shown that counsel of the defendants acted with intent to deceive and defraud court by means of deliberately planned and

carefully executed scheme. Federal Rules of Civil Procedures, Rule 60(b)(3), 28

U.S.C.A.-- *Hall v. Doering,* 185 F.R.D. 639 (Kan. 1999).

The Plaintiff had been wrongly convicted of plagiarism. Yet, he was

innocent. The magistrate Judge Lauck did not have a "fair opportunity" to see

ample evidence of fraud or even take into consideration that the charge had not

been founded to even warrant a late investigation using "forged" draft paper.

Defendants Brown and Williamson deliberately passed this "forged" evidence to

several others as true knowing it to be forged. Their criminal action had been

significantly covered up for by fraud and "fraud upon the court." In good faith,

the Plaintiff aims to clear his "good" name from being wrongly convicted with

such a serious charge of plagiarism and to reinstate his unlawful termination of

employment (tenure denial) at VSU. *See Illinois Bell Telephone Co. v. Plote,* Inc.,

334 Ill.App.3d 796, 806 (1st Dist. 2002). The defendants had recklessly facilitated

removing the Plaintiff as well as the Provost Thomas. The members of SIC had

reached erroneous conclusions in order to convict the Plaintiff even after it had

been explicitly informed about the unfounded charge and the forged evidence

adopted.

The counsels' misrepresentation, deception, fraud, and conspiracy, all

involve challenges to the end result of getting the prior civil case dismissed with

prejudice. Fraud upon the court by an attorney, whether or not intrinsic or

extrinsic, can be used to set aside a prior judgment. *See Chewning v. Ford Motor*

*Co.,* 345 S.C. 28, 550 S.E.2d 584 (Ct. App. 2001). The Federal Rule of Civil

Procedures, rule 60(b)(3), by its express terms, permits judgments to be set aside

for fraud, whether the fraud is intrinsic or extrinsic." *See Mr. G. v. Mrs. G,* 320

S.C. 305, 465 S.E.2d 101 (Ct. App. 1995). Recently the Supreme Court relied upon the equitable principle of unclean hands. *Id.* The doctrine of unclean hands will preclude a litigant from recovering in equity if that litigant acted unfairly to the detriment of the other party. *See First Union Nat'l Bank of S.C. v. Soden,* 333 S.C. 5t4, 568-69, 511 S.E.2d 372 (Ct. App. 1998). The Defendants had forged evidence to sustain the unfounded charge of plagiarism in order to facilitate getting rid of the Plaintiff. Plaintiff prays that the Court declares that it is fraud and fraud on the court that actually prevented the prior legal case from proceeding to trial. Former counsel had fraudulently kept Plaintiff ignorant of the lawsuit. Plaintiff asserts that his former counsel prevented him from trying the case by keeping him away from the Court with a false promise of compromise to get him great relief after getting the "Right to Sue Notice" from EEOC. "Fraud upon the court" is extended to officers of the court, and when an attorney exerts improper influence on the court "the integrity of the court and its ability to function impartially is directed impinged." *R.C. by Ala. Disabilities Advocacy Program,* 969 F. Supp. At 691 (citing *Broyhill Furniture Indus., Inc. v. Craftmaster Furniture Corp.,* 12 F.3d 1080,1085-86 (Fed. Cir. 1993)).

The Plaintiff states numerous undisputed facts in support of his motion:

1. Defendant Rashidi is Campus representative for Defendant ASEE.

2. Forged evidence was passed to others as true knowing it to be false.

3. Plaintiff had been wrongly convicted of plagiarism while ignoring his firm defense pertaining to the falsity of charge.

4. Plaintiff had done extensive work to enhance and upgrade laboratory experiments for students at VSU by several months prior

to the publication of the other paper (TAMUK).

5. Per comment from ASEE's email, both papers chose to look at the same <u>EXAMPLE</u> "commonly-used" for students' experimentation which had been made available in the public domain of National Instruments Incorporated (vendor of LABVIEW/NI ELVIS) for educators throughout the world.

6. The VSU's forged evidence (draft paper) is missing one essential page (page 8) where Defendant ASEE had explicitly pointed out that Plaintiff had referred to "Virtual laboratory that was used at TAMUK" in his "authentic" research presented for possible publication (piggybacking Process).

7. Plaintiff's authentic work with students had been tampered with more than once in order to unlawfully create forged evidence.

8. The VSU's alleged plagiarized paper illegally bearing Plaintiff's name on it definitely does not match up with list of commonalities.

9. Defendants recklessly failed to verify whether valid charge existed.

10. Defendant ASEE had admitted its unlawful mistake in June 2005 of fraudulently claiming that Plaintiff's paper "had been rejected."

11. Plaintiff had voluntarily withdrawn his paper in January 2005.

12. Members of UPTC were not allowed to get distracted by Plaintiff's firm defense pertaining to the falsity of the unfounded charge.

13. Plaintiff would have highly likely had been recommended for tenure by UPTC if he had not been convicted of plagiarism.

14. VSU had admitted to the Plaintiff's first counsel, Carolyn Carpenter

that the charge had been unfounded and used evidence was false.

The Court should closely reconsider its Orders in order to remedy fraud. Plaintiff anticipated to Conduct Discovery Pursuant to the Crime-Fraud doctrine. Plaintiff is seeking to call the Defendants for deposition.

Rule 60(b)(6) has very broad language: "any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60. A sub-species of 60(b)(6), fraud upon court , is assumed in the broad language of 60(b)(6). The Rules are designed to give the court flexibility to manage cases equitably by ensuring that a court's holding is accurately reflected in its decision and is based on all of the facts. Rule 38 effectuates a party's Seventh Amendment right to a jury trial. However, Rule 60(b) is not necessary to ensure that fraud is remedied, as a party will always have the option of bringing an independent action to get relief from judgment. If the judgment is the result of error or fraud, then finality impedes the pursuit of justice. Rule 60(b) cures fraud, and error that implicate the court's institutional integrity.

The Court has "equitable authority" to give relief to judgments when appropriate and reinforces the proscription of fraudulent behavior. The Court judgment in the prior proceeding on January 14, 2009 should be vacated since it was heavily based upon falsification of documents, and drastically influenced by fraud.

Pursuant to the Federal Rules of Civil Procedures, the Plaintiff anticipates having a "full and fair opportunity" to litigate his case. Plaintiff anticipated to file an Amended Complaint, under oath, with specific allegations and causes of action in the interest of serving justice. Plaintiff's oral motion for leave Court to Amend his civil complaint was denied as moot on August 9, 2010. The Plaintiff prays that

this Court will grant this motion for reconsideration and for granting him relief

by vacating the Court's judgment on August 9, 2010 pursuant to the Federal

Rules of Civil Procedures, Rule 52 for amended findings, Rule 59, for a new trial

and for amendment of the Court's judgment on August 9, 2010, and including the

provisions of Rule 60(b) as amended. The Plaintiff declares under penalty of

perjury that all are true and correct.

Respectfully submitted,

Salame M. Amr
106 Cedar Creek Lane
Colonial Heights, VA 23834
804-605-6050

County/City of Chesterfield
Commonwealth/State of VIRGINIA
The foregoing instrument was subscribed and
sworn before me this 31st day of August,
2010, by Salame M. Amr
(name of person seeking acknowledgement)

My Commission Expires 04/30/2013

LACY G. KEITH
NOTARY PUBLIC
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES  APR. 30, 2013
COMMISSION # 223235

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of August, 2010, I will file the foregoing with

the Clerk of Court and mail a copy to the following:


Gregory C. Fleming, Esq.,
Senior Assistant Attorney General
Office of the Attorney General
900 East Main Street
Richmond, VA  23219

John A. Gibney, Jr.
Thompson McMullan, P.C.
Attorney at Law, Counsel for ASEE
100 Shockoe Slip, Third Floor
Richmond, Virginia 23219

Jeremy D. Capps
Harman, Claytor, Corrigan, and Wellman
Attorney at Law, Counsel for AAUP
Post Office Box 70280
Richmond, Virginia 23255


_____
            Salame M. Amr